**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Nichole Hoffman, * | |
| * | Case No. 2:22-cv-2375 |
| Plaintiff, * | |
| * | Judge |
| v. * | |
| * | Magistrate Judge |
| HireRight, LLC * | |
| c/o Legalinc Corporate Services Inc. | **COMPLAINT** |
| 1991 Crocker Rd., Suite 600A * | |
| Westlake, OH 44145 | **JURY DEMAND ENDORSED HEREON** |
| * | |
| Defendant. | |
| * | |

Now comes Nichole Hoffman ("Plaintiff") for her Complaint for damages against HireRight, LLC ("Defendant") as follows:

**I.      JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. This Court has personal jurisdiction over Defendant because Defendant systematically and continuously engages in performing background checks for job applicants in this state, conducting business activities within this State, and engaging in contractual business relationships within this State.

3. Venue is proper in the Southern District of Ohio in accordance with 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio.

1

## II. THE PARTIES

4. Plaintiff was a "consumer" as defined by 15 U.S.C. § 1681a. Plaintiff is a citizen of the United States and resides in the Southern District of Ohio. Further, at all times material herein, Plaintiff was a job applicant of Defendant within the Southern District of Ohio.

5. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a which provides background and employment screening services. Defendant regularly conducts business in the Southern District of Ohio.

## III. STATEMENT OF FACTS

6. Defendant has reported derogatory and inaccurate statements and information relating to Plaintiff to third parties, including but not limited to, that Plaintiff has unpaid court costs and fines of $972.50 from a criminal case in Delaware County, Ohio that was filed on October 12, 2018 (hereafter the "inaccurate information").

7. Presently, Plaintiff does not have unpaid court costs or fines from this court case or any other court case, nor did Plaintiff have the aforementioned costs or fines at the time Plaintiff applied to work with Cardinal Health, Inc ("Cardinal").

8. Defendant knew or should have known that Plaintiff did not have unpaid court costs and fines as this information is public record. Specifically, Plaintiff had a criminal case out of Delaware County, Ohio Common Pleas Court that was filed on October 12, 2018 under case number 18 CR I 10 0550; however, the Delaware County Clerk of Courts website shows Plaintiff has $0.00 outstanding in court costs and fines, and that all payments were paid by August 20, 2020.

9. Defendant reported the inaccurate information through the issuance of a false and inaccurate background information and consumer report that it disseminated to various persons and prospective employers, both known and unknown, including Cardinal.

10. Plaintiff applied for and has been denied employment opportunities, including but not limited to, an employment opportunity with Cardinal. Plaintiff has been informed that the basis for this denial was the inaccurate information that appeared on Plaintiff's consumer report from Defendant.

11. Specifically, in January 2022, Plaintiff submitted a job application to work for Cardinal at its facility in Obetz, Ohio, and Cardinal interviewed Plaintiff for a Warehouse Operations Associate II position. During the interview, Plaintiff disclosed her prior criminal history to Cardinal, and Cardinal asked Plaintiff specific questions regarding her criminal history, including questioning whether Plaintiff had any unpaid fines or court costs. Plaintiff informed Cardinal that she did not have any unpaid fines or court costs. Cardinal informed Plaintiff that if everything she disclosed about her criminal history was confirmed by the background check (specifically if she did not have any unpaid fines or court costs), then Cardinal would hire Plaintiff.

12. Thereafter, on or about January 18, 2022, Cardinal's talent acquisition recruiter, Steve Strosnider, sent Plaintiff a job offer for the Warehouse Cardinal's Associate II position. On or about January 26, 2022, Plaintiff received an email from Cardinal's talent acquisition Lead Coordinator, Edenel Borebor, requesting Plaintiff to sign the Offer Packet documents, which Plaintiff did, and further informing Plaintiff that her start date was February 7, 2022.

13. On Friday, February 4, 2022, Plaintiff received an email from Cardinal informing Plaintiff that due to a delay in the screening process, Plaintiff would not be permitted to start work as originally planned on Monday, February 7, 2022. Cardinal further informed Plaintiff that the delay was not the result of anything Plaintiff did and that the delay does not reflect negatively upon Plaintiff.

14. On February 8, 2022, Plaintiff received a voicemail message from Mr. Strosnider stating that Plaintiff was not eligible for hire due to the information in her background check. That same day, February 8, 2022, Plaintiff then received an email from Cardinal stating: "Unfortunately, you have not passed your pre-employment screenings, therefore you are not eligible for hire with Cardinal Health. You should be receiving a letter from our background check provider detailing your report and outlining steps you can take to dispute any arguable results. If you have any questions, please feel free to contact us."

15. Plaintiff did not receive any information relative to her background check from Defendant or Cardinal until approximately April 1, 2022. The mailing received on or about April 1, 2022 that contained a letter dated February 10, 2022, a copy of Plaintiff's background check, a notice of her FCRA rights, and instructions on how to dispute any inaccurate information in the background check.

16. The background check conducted by Defendant stated that Plaintiff had unpaid fines and court costs from a criminal case in Delaware County, Ohio.

17. After receiving the letter stating that Plaintiff's application for employment was being denied, Plaintiff submitted a dispute to Defendant relative to the inaccurate information in the consumer report reported by Defendant.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein

### IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**

21. All of the preceding paragraphs are realleged as if fully rewritten herein.

22. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n, Defendant is liable to the Plaintiff for willfully violating the FCRA, including but not limited to:

> A. willfully failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b);
>
> B. willfully failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C § 1681(k).

26. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above.

27. Plaintiff seeks actual and/or statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

28. Plaintiff also seeks punitive damages, attorney fees and costs for this violation pursuant to 15 U.S.C. § 1681n(a)(2), (3).

## SECOND CAUSE OF ACTION: NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

29. All of the preceding paragraphs are realleged as if fully rewritten herein.

30. In the alternative to a willful violation of the FCRA, Defendant negligently violated the FCRA as described more fully above.

31. Plaintiff seeks actual damages for this violation pursuant to 15 U.S.C. § 1681o(a)(1).

32. Plaintiff also seeks attorneys' fees and costs for this violation pursuant to 15 U.S.C. § 1681o(a)(2).

### V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands actual damages; statutory damages; punitive damages; costs and reasonable attorney's fees; an order directing Defendant, to the extent they have not already done so, to immediately delete all of the inaccurate information from Plaintiff's consumer report and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer information; an order directing Defendant to send to all persons and entities to whom it has reporting Plaintiff's inaccurate information within the last three years Plaintiff's updated and correct consumer report; and such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
　　　　agedling@mcoffmanlegal.com
　　　　khendren@mcoffmanlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman