## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION


NICHOLE HOFFMAN,

      **Plaintiff,**

  **v.**
                               **Civil Action 2:22-cv-2375**
                                        **Chief Judge Algenon L. Marbley**

HIRERIGHT, LLC,
                                        **Magistrate Judge Chelsey M. Vascura**

      **Defendant.**


## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Class Action Complaint for Violations of the Fair Credit Reporting Act (ECF No. 17). For the reasons that follow, Plaintiff's Motion is **GRANTED**.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.

1995)). A court may deny a motion for leave to amend for futility if the amendment could not

withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505,

512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Here, Plaintiff seeks to amend her Complaint to add class allegations of Fair Credit

Reporting Act violations. (Pl.'s Mot. 2, ECF No. 17.) Defendant opposes Plaintiff's Motion on

grounds that the proposed amendments would be futile. (Def.'s Mem. in Opp. 1, ECF No. 19.)

Because "denying a motion for leave to amend on grounds that the proposed [pleading] is legally

insufficient is, at least indirectly, a ruling on the merits" of the pleading, this Court has

recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute

ordinarily rule on dispositive matters, is ruling on such a motion. *Jones v. Allen*, No. 2:11-CV-

380, 2014 WL 12577014, at *2 (S.D. Ohio Dec. 8, 2014) (recognizing the "conceptual difficulty

presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and

determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure

to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would

be to permit Plaintiff to amend her Complaint with the understanding that Defendant is free to

challenge the new pleading via a motion to dismiss. *See Jones*, 2014 WL 12577014, at *2 ("[I]t

is usually a sound exercise of discretion to permit [the claim or defense] to be pleaded and to

allow its merits to be tested before the District Judge."); *Morse/Diesel, Inc. v. Fidelity & Deposit

Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a

party leave to amend a complaint, even where the amended pleading might ultimately be

dismissed.").

In sum, for the reasons set forth above, Plaintiffs' Motion for Leave to File First Amended Class Action Complaint for Violations of the Fair Credit Reporting Act (ECF No. 17) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's First Amended Class Action Complaint, attached to her Motion as Exhibit 1 (ECF No. 17-1).


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE