IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NICOLE HOFFMAN,** *individually and on behalf of all others similarly situated*, | : : : |
| Plaintiffs, | : Case No. 2:22-cv-02375 : |
| v. | : Chief Judge Algenon L. Marbley : |
| **HIRERIGHT, LLC,** | : Magistrate Judge Chelsey M. Vascura : |
| Defendant. | : : |

**<u>OPINION & ORDER</u>**

This matter is now before the Court on Plaintiff's Motion to Strike Offer of Judgment (ECF No. 18). For the reasons set forth more fully below, the motion is **GRANTED IN PART and DENIED IN PART**.

**I.     BACKGROUND**

This case arises out of allegations that Defendant HireRight, LLC ("HireRight"), which is in the business of providing employment background checks, provided false information about Plaintiff Nicole Hoffman regarding unpaid court costs and fines, when, in fact, Hoffman did not have any outstanding costs or fines. (*See* Compl. ¶ 6, ECF No. 1). Hoffman has applied for and been denied a number of employment of opportunities, and at least one of the denials—for a position as a Warehouse Operations Associate II at Cardinal Health, Inc., at its Obetz, Ohio, location—allegedly resulted from the inaccurate information reported by HireRight. (*See generally id.* ¶¶ 10–16). Hoffman alleges that the provision of inaccurate information violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

1

Hoffman first filed her complaint on June 3, 2022, and the parties began conducting discovery. As a result of findings from the initial discovery process, Hoffman requested leave from this Court to amend her complaint to add class allegations. That motion has since been granted and Hoffman has amended her complaint. (*See* Order, ECF No. 20; First Am. Class Compl., ECF No. 21). Upon being informed that Hoffman intended to amend her complaint but before leave to amend was granted (or requested), HireRight's counsel served Hoffman with an Offer of Judgment pursuant to Rule 68. Hoffman now moves to strike the Offer.

## II.     LAW & ANALYSIS

Rule 68 provides, in pertinent part:

(a)   MAKING AN OFFER; JUDGMENT ON AN ACCEPTED OFFER. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment. . . .

(d)   PAYING COSTS AFTER AN UNACCEPTED OFFER. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68. Hoffman seeks to strike the Rule 68 Offer as an attempt to "avoid litigation by strategically 'picking off' named plaintiffs and settling their individual claims." *Unan v. Lyon*, 853 F.3d 279, 285 (6th Cir. 2017); *see also Wilson v. Gordon*, 822 F.3d 934, 947–51 (6th Cir. 2016) (discussing the "picking off" exception to mootness in class actions). The concern is that an offer of judgment will force a putative class representative bringing a Rule 23 action "to weigh her own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class." *Zeigenfuse v. Apex Asset Mgmt.*, 239 F.R.D. 400, 402 (E.D. Pa. 2006) (citation omitted). The individual plaintiff is thus forced "to choose between upholding their duty to the putative class, especially where small amounts are at stake, and accepting a large payout and

2

potentially avoiding personal liability for defendants' costs." *Slovin v. Sunrun, Inc.*, No. 15-cv-05340, 2017 WL 2902902, at *3 (N.D. Cal. July 7, 2017) (citing *Zeigenfuse*, 239 F.R.D. at 402). The timing of HireRight's offer, according to Hoffman, supports the theory that the Offer was nothing more than an attempt to short-circuit potential exposure to class-wide litigation. (*See* Mot. to Strike at 2, ECF No. 18).

District courts confronted with this issue about the fit between Rule 23 and Rule 68 have diverged sharply. In *Gilmore v. UCSB Corp.*, Judge Treadwell summarized the "three main approaches" as follows: "[f]irst, some courts strike the Rule 68 offer of judgment. . . . Second, rather than striking the offer of judgment, some courts have declared the offer ineffective. . . . Finally, some courts do nothing." 323 F.R.D. 433, 434–35 (M.D. Ga. 2017); *see also Borup v. CJS Sols. Grp., LLC*, 333 F.R.D. 142, 144–45 (D. Minn. 2019). Courts that have adopted the second or third approach tend to refrain from striking the offer because, after all, "there is nothing to strike [] as an offer of judgment is not filed with the court until accepted or until offered by a deferred party to prove costs." *McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003) (citation omitted). Moreover, Hoffman has not specified a procedural mechanism by which she asks that the offer be struck; Rule 12(f) provides only for the striking of "redundant, immaterial, impertinent, or scandalous matter" from the pleadings.

Hoffman notes two cases—*Peters v. Credit Prot. Ass'n LP*, No. 2:13-cv-00767, 2015 WL 5216709 (S.D. Ohio Sept. 8, 2015), and *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384 (S.D. Ohio 2008)—in which this Court granted motions to strike. But both cases were issued prior to 2016, when the Supreme Court decided *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). In *Campbell-Ewald*, the Supreme Court held that an unaccepted Rule 68 offer of judgment does not moot a named plaintiff's claim. *See id.* at 162 ("An unaccepted settlement offer—like any

3

unaccepted contract offer—is a legal nullity, with no operative affect."). The cases cited by Hoffman striking offers of judgment were decided in the pre-*Campbell-Ewald* context, in which an unaccepted Rule 68 offer of judgment could moot a named plaintiff's claim if it satisfied all of the plaintiff's demands (at least in the Sixth Circuit). *See generally O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567 (6th Cir. 2009); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013). This Court's decision in *Stewart*, for example, is focused primarily on the concern that allowing the offer of judgment would moot the claim; as the parties to this case note, three out of the four reasons the Court provided for granting the motion to strike in *Stewart* pertained in some fashion to the mootness question.[1] The same is true of the Court's decision in *Peters*, which granted the plaintiff's motion to strike as part of its finding that the unaccepted Rule 68 offer did not moot the class action claims. *See Peters*, 2015 WL 5216709, at *8.

This Court is now persuaded that striking a Rule 68 offer of judgment is not the appropriate course of action, as such an offer no longer threatens to moot the claim altogether after *Campbell-Ewald*. But that does not end the Court's inquiry. While it is true that there is no exception in Rule 68 for class actions, *see also Ahmed v. City of New York*, 296 F. Supp. 3d 667, 669 (S.D.N.Y. 2017) (noting that "in 1983 and 1984, two proposed amendments that exempted class actions from Rule 68 were withdrawn in the face of considerable controversy" (citing 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3007 (2d ed. 2002))),[2] there is nevertheless a real concern that Rule 68 offers

---

[1] The fourth reason is admittedly concerned with the potential coercive effect of a Rule 68 offer, and not with mootness, but that does not appear to be the core impetus of the decision to strike. *See Stewart*, 252 F.R.D. at 386 (concluding that "defendants ought not be able to put class actions to an end merely by tendering Rule 68 offers of judgment" pre-certification). Without the threat of mootness, striking the offer is no longer warranted when the coercive threat can be mitigated by other means more squarely within this Court's authority, *see infra*.

[2] Of course, the mere fact that a package of amendments failed is not on its own indicative that any particular amendment was disfavored. *See Borup*, 333 F.R.D. at 145 n.3 (discussing the context of the 1983 proposal and the reasons for its failure (citing Roy D. Simon, Jr., *The Riddle of Rule 68*, 54 Geo. Wash. L. Rev. 1, 12–16 (1986))).

in putative class actions may mask attempts to create "an improper conflict of interest between a putative class representative and the putative class." *Mavris v. RSI Enters. Inc.*, 303 F.R.D. 561, 566 (D. Ariz. 2014) (quotation marks and citation omitted).

The timing of HireRight's offer in this case—promptly after Hoffman informed HireRight of her intention to seek leave to amend her complaint to add class allegations and before Hoffman had even filed the motion for leave (or had the motion granted)—gives rise to the suspicion that the offer is intended to "pick off" Hoffman as the putative class representative, "thereby leaving other putative class members in the lurch," which "is an abuse of the Federal Rules that is designed to do nothing more than frustrate class actions." *Id.* at 566; *see also Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-00819, 2016 WL 5661525, at *7 (W.D. Ky. Sept. 29, 2016) (noting suspicions of "picking off" where defendant "made its offers of judgment less than two months after this purported class action was filed—before it responded to the complaint and before Plaintiffs sought certification of a class"). HireRight suggests that any conflict created by the offer between Hoffman and the interests of the putative class is "more hypothetical and potential than real for three reasons," none of which, however, is persuasive.

First, HireRight suggests that because the 2003 amendments to Rule 23(e) clarified that court approval is not required for settlements of the named plaintiff's individual claims, *see* FED. R. CIV. P. 23(e) advisory committee's note to 2003 amendment, "neither the named plaintiff nor the court is required (or even authorized) to weigh the presumed interests of an as-yet-uncertified-and-undefined class in assessing the propriety of a Rule 68 offer of judgment." (Memo. in Opp'n at 8, ECF No. 19). HireRight cites no authority for this conclusion. And, in fact, the limited authority on this issue points in the opposite direction. *See, e.g., Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980) (noting "the responsibility of named plaintiffs to represent the

5

collective interests of the putative class"); *Jacobson v. Persolve, LLC*, No. 14-cv-00735, 2014 WL 4090809, at *5 (N.D. Cal. Aug. 19, 2014) ("Even in a putative class action, a representative plaintiff maintains a fiduciary duty to the unnamed class members.").

HireRight also suggests that the risks to Hoffman of potential liability for all the costs that HireRight might incur in defending a complex class action are not as severe as imagined. (Memo. in Opp'n at 8, ECF No. 19). HireRight's argument appears to adopt the reasoning set forth in *Borup* that, "if the class action is certified [], the Rule 68 Offer would be a nullity as to that claim . . . ." *Borup*, 333 F.R.D. at 147; *see also id.* ("When an offer of judgment is only to the named plaintiff, that offer necessarily disappears upon certification, as did the named plaintiff who now stands in the shoes of the entire class." (citation omitted)). But HireRight could still incur substantial costs pre-certification, for example, in prosecuting its motion to dismiss, conducting class discovery, and defending against class certification—all of which Hoffman would potentially be on the hook for, if the class is not certified. *See Slovin*, 2017 WL 2902902, at *4 (noting that, "[u]nless and until a class is certified, individual plaintiffs are potentially liable for defendants' costs under Rule 68(d)").

Finally, HireRight notes that neither the Supreme Court in *Campbell-Ewald* nor the Sixth Circuit in *Hrivnak* held or suggested that a Rule 68 offer of judgment is improper or contrary to Rule 23. (Memo. in Opp'n at 9, ECF No. 19). Of course, this Court is not suggesting that Rule 68 offers are categorically barred with respect to putative class actions, only that Rule 68 offers may be inconsistent where circumstances suggest the possibility of a "pick off" attempt.

The Court therefore declares HireRight's offer ineffective. The Court concludes that it has the authority to do so, *see Gilmore*, 323 F.R.D. at 435 (discussing district courts' authority under Rule 23 to declare "pick off" offers of judgment ineffective), and that such a decision is not

6

premature. Although some courts have characterized a decision granting a motion to strike or declare ineffective a Rule 68 offer as "an advisory opinion," *Combe v. Goodman Frost, PLLC*, 217 F. Supp. 3d 986, 989–90 (E.D. Mich. 2016), a pre-certification offer undoubtedly has an "immediate adverse impact" on the putative named plaintiff because there is "a current and meaningful legal dispute arising from the conflict of interests caused by the Rule 68 offer." *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 335 (D. Minn. 2011). Timely resolution of the motion is thus appropriate.

### III. CONCLUSION

For the reasons stated more fully above, Plaintiff's Motion to Strike Offer of Judgment (ECF No. 18) is **GRANTED IN PART and DENIED IN PART**. The Rule 68 offer will not be stricken, but is declared ineffective for purposes of Rule 68(d).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:** May 22, 2023