IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NICOLE HOFFMAN,** *individually and on behalf of all others similarly situated*, | : :  : Case No. 2:22-cv-02375 |
| Plaintiffs, | : : Chief Judge Algenon L. Marbley |
| v. | : : Magistrate Judge Chelsey M. Vascura |
| **HIRERIGHT, LLC,** | : : |
| Defendant. | : |

## OPINION & ORDER

This matter is now before this Court on Defendant's Motion to Dismiss Counts 3 and 4 of Plaintiff's First Amended Class Action Complaint or to Strike Class Allegations. (ECF No. 24). For the reasons set forth more fully below, the Motion is **GRANTED**, to the extent that it serves as a Motion to Dismiss, and Counts 3 and 4 of Plaintiff's Amended Complaint are **DISMISSED WITHOUT PREJUDICE**; Plaintiff is **GRANTED** leave to amend her complaint within 14 days of this Order.

### I.   BACKGROUND

This case arises out of allegations that Defendant HireRight, LLC ("HireRight"), which is in the business of providing employment background checks, provided outdated information about Plaintiff Nicole Hoffman regarding unpaid court costs and fines, when, in fact, Hoffman did not have any outstanding costs or fines. (*See* ECF No. 21, ¶¶ 6-15). Hoffman applied for employment as a Warehouse Operations Associate II at Cardinal Health, Inc., at its Obetz, Ohio, location and was allegedly denied the role because of the inaccurate information reported by HireRight. (*See id.* ¶¶ 9-15). Hoffman alleges that the provision of inaccurate information violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

Hoffman first filed her complaint on June 3, 2022, and the parties began conducting discovery. Initially, Hoffman only brought claims on behalf of herself under § 1681e(b), which requires a Consumer Reporting Agency ("CRA") to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." As a result of findings from the initial discovery process, Hoffman requested leave from this Court to amend her complaint to add class allegations. (ECF No. 17). That motion has since been granted over opposition (ECF No. 20) and Hoffman has amended her complaint to include class action allegations under a different part of the FCRA, § 1681k(a). (ECF No. 21).

Upon being informed that Hoffman intended to amend her complaint but before leave to amend was granted (or requested), HireRight's counsel served Hoffman with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68, which Hoffman moved to strike. (ECF No. 18). This Court declined to strike the Rule 68 offer, but declared it ineffective for purposes of Rule 68(d), which explains that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

HireRight now moves to dismiss the Counts 3 and 4 of Hoffman's Amended Class Action Complaint, or, in the alternative, strike the class allegations. (ECF No. 24). HireRight's Motion is now fully briefed and ripe for review.

## II. LAW & ANALYSIS

### A. Motion to Dismiss

This Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *See generally* Fed. R. Civ. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when it contains

2

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, this Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F. 3d 430, 434 (6th Cir. 2008). In other words, this Court "must accept all well-pleaded factual allegations in the complaint as true." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

Although the standard for analyzing a Rule 12(b)(6) motion is liberal, the plaintiff is required to plead more than bare assertions of legal conclusions. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.") (internal quotation marks and citation omitted). Put simply, this Court "need not 'accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In her First Amended Class Action Complaint, Hoffman alleges, on behalf of a putative class and subclass, that HireRight violated 15 U.S.C. § 1681k(a)(1), or in the alternative, § 1681k(a)(2). Section 1681k(a) requires the following of a CRA that furnishes background reports for employment purposes such as HireRight:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; *or*

3

> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

§ 1681k(a) (emphasis added). The class and subclass are defined as follows:

As a threshold matter, HireRight is quick to point out that § 1681k(a) only requires CRAs to do one of two things: they must *either* comply with the contemporaneous notification requirement in § 1681k(a)(1) (the "contemporaneous notification" provision) *or* "maintain strict procedures designed to insure" that disseminated information is "complete and up to date," per § 1681k(a)(2) (the "strict procedures" provision). That Hoffman explicitly pled a violation of the section in the alternative indicates an apparent misunderstanding of § 1681k(a)'s disjunctive structure. Nonetheless, she has since clarified in her Opposition that her "core theory of the case is that Defendant, on a programmatic basis, fails to provide consumer reports to consumers at the same time as it provides such reports to users *and* it further does not maintain strict procedures to properly ensure that the public records information is complete and up to date, or accurate." (ECF No. 31 at 20) (emphasis added). This Court declines to fell Hoffman's class action allegations based on the apparent misunderstanding alone.

Hoffman's pleadings have a larger problem, however, which may stem from the erroneous belief that § 1681k(a) can be pled in the alternative. Specifically, Hoffman has failed to provide any factual support for her allegation that HireRight fails to "maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a

4

consumer's ability to obtain employment is reported it is complete and up to date." § 1681k(a)(2).[1]
Instead, she just recites conclusions. (*See* ECF No. 21 at 6-7) ("Defendant has insufficient protocols for ensuring that the information it provides to potential employers is accurate"; "As these failures are systemic and structural, Plaintiff's experience is not an isolated incident"; "Defendant failed to implement and enforce reasonable procedures to ensure that any public record information . . . that was reported was accurate").

The only fact Hoffman points to—HireRight's dissemination of a report containing outdated information about her—is insufficient to support her class claims in two ways. (*See* ECF No. 21 ¶¶ 27, 29-30). First, while HireRight's dissemination of an outdated report does suggest that it may not have followed "strict procedures" in its preparation, an erroneous result does not *necessarily* mean that the procedures applied were insufficient. To so find, this Court would not be simply drawing a favorable inference but taking an inferential leap. Second, Hoffman is asking

---

[1] Hoffman's allegations with respect to § 1681k(a)(1), the contemporaneous notification requirement, fare slightly better. HireRight contends that Hoffman has also failed to state a class claim with respect to § 1681k(a)(1) because her pleadings claim that HireRight was required to notify her "prior to" issuing the report to her potential employer. (ECF No. 24-1 at 6; *see also* ECF No. 21 ¶ 41). Again, Hoffman's counsel appears to misunderstand or misstate the law. The statute's text is clear that a CRA who sends consumers notices (instead of maintaining strict procedures) must only do so "at the time" that they notify the employer, not "prior to" notifying the employer. Despite this misstatement, Hoffman's factual allegations—that the letter addressed to her was dated two days after Cardinal was notified—support a claim that HireRight did not notify her "at the time."

Translating this support to the class, however, is a little more tenuous. In the same breath as her allegation that HireRight provided her with *untimely* notice of the report, she explains that "it is Defendant's policy to *not send notices* under § 1681k(a)(1) to consumers who are the subject of criminal record searches." (ECF No. 21 ¶ 26). The latter statement standing alone might support an allegation that HireRight simply never satisfies § 1681k(a)(1). Its juxtaposition with the assertion that HireRight did send Hoffman a notice, it just did so two days late, is eyebrow-raising. Nonetheless, at this stage, this Court will draw an inference in Hoffman's favor and assume there is some way of reconciling these two assertions that she had yet to make explicit.

this Court to take yet another leap and extrapolate from her experience as the subject of inaccurate report to draw conclusions about the internal processes HireRight applies to every report it produces in the United States.  Hoffman simply fails to bridge the conceptual gap between alleged misconduct with respect to her own report and misconduct with respect to the reports of others. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982) (explaining that "there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual").

While the dismissal of class allegations before any discovery has taken place is rare, *see Speers v. Pre-Employ.com, Inc.*, 2014 WL 2611259, at *1 (D. Or. May 13, 2014), Hoffman, by her own admission, amended her complaint to include class action allegations only after she received initial discovery from HireRight.  (ECF No. 30 at 2).  In fact, the receipt of this initial discovery and HireRight's answers to Hoffman's First Set of Interrogatories were the purported impetus for Hoffman's Motion for Leave to Amend her Complaint.  (ECF No. 17).  But despite having the advantage of this initial discovery, Hoffman fails to specify any factual basis for her conclusory allegations that HireRight failed to comply with the "strict procedures" provision on a programmatic basis.

Accordingly, Counts 3 and 4 of Plaintiff's Amended Complaint are **DISMISSED WITHOUT PREJUDICE.**  Because it is unclear to this Court whether the deficiency described above is a result of a mere error in pleading or an actual factual deficiency, Hoffman is **GRANTED LEAVE TO AMEND** her pleadings within 14 days of this Order.

## B.  Rule 23 Motion to Strike

Courts may strike class allegations pursuant to Federal Rule of Civil Procedure 23(c)(1)(A), which instructs courts to make a certification decision "at an early practicable time." Of relevance here, a court may strike class allegations at the pleading stage when plaintiffs cannot "explain what type of discovery or what type of factual development would alter the central defect" of the class claims.  *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).  In other words, courts may strike class allegations "where the class could not be certified as defined and 'no proffered or potential factual development offer[s] any hope of altering that conclusion.'" *Loreto v. Procter & Gamble Co.*, 2013 WL 6055401, at *2 (S.D. Ohio Nov. 15, 2013).  This Court is of the view, however, that "courts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 246 (S.D. Ohio 2017).

Having dismissed Counts 3 and 4, this Court need not rule on HireRight's Motion to Strike Class Allegations and, for this reason, does not reach all the arguments that HireRight raises.  This Court is concerned, however, about several issues that HireRight identifies in Hoffman's pleadings that will need to be addressed if Hoffman elects to amend her complaint and, if her claims survive, moves for certification.

First, HireRight contends that the class is ill-defined for several reasons, including that the class is defined so broadly—"all natural persons within the United States . . . who each were the subject of a consumer report furnished to a third party for purposes of employment by Defendant

7

that contained a public record"[2]—that it necessarily encompasses many individuals who have not been injured and thus, do not have standing. Standing in FCRA class actions is a complex area of law, best resolved at the class certification stage, or even the individual damages stage. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (explaining that "[e]very class member must have Article III standing in order to recover individual damages" but declining to address the "distinct question whether every class member must demonstrate standing *before* a court certifies a class") (emphasis added). Nonetheless, this Court cautions Hoffman that her class definition at present appears exceptionally broad and encourages her to take this opportunity to refine her framing.[3] *See Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) (explaining that FCRA plaintiffs

---

[2] The class is defined as:

> All natural persons residing within the United States and its Territories within seven (7) years prior to the filing of this Complaint and continuing through the final resolution of this case who each were the subject of a consumer report furnished to a third party for purposes of employment by Defendant that contained a public record.

The subclass is defined as:

> All natural persons residing within the United States and its Territories within seven (7) years prior to the filing of this Complaint and continuing through the final resolution of this case (1) who each were the subject of a background consumer report that was furnished to a third party for purposes of employment and prepared by Defendant; (2) that contained information regarding at least one public record of an arrest, indictment, conviction, suit, tax lien, outstanding judgment, or other adverse information; (3) when the actual courthouse or clerk's file for that public record showed that the adverse information was inaccurate before the consumer report was furnished; and (4) the public record was not obtained from Safety Holdings, Inc., doing business as "Samba Safety."

[3] The Court reassures Hoffman that HireRight is correct that limiting a class to those who are injured, and therefore have standing, does not a fail-safe class make. An example of a fail-safe class is: "all employees unlawfully denied promotion." *Newberg and Rubenstein on Class Actions* § 3:6 (6th ed.). Here, a fail-safe class would be, for example: "all people about whom HireRight

8

"cannot satisfy the demands of Article III by alleging a bare procedural violation" because, for example, "even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate," therefore, causing no harm).

Second, HireRight points out that Hoffman fails to identify under which subsection of Federal Rule of Civil Procedure 23(b) she hopes to certify a class. Since Hoffman seeks both injunctive relief and damages on behalf of the class and makes passing reference to the issues she raises as "predominantly common," (ECF No. 21 at 9), this Court surmises that Hoffman intends to seek certification as a "hybrid" 23(b)(2) and 23(b)(3) class action. *See Newberg and Rubenstein on Class Actions* § 4:1 (6th ed.) (explaining that "in so-called 'hybrid' class actions, a court may certify a class under Rule 23(b)(2) for injunctive relief and separately certify a class under Rule 23(b)(3) for money damages.").

It is incumbent on Hoffman, however, to make this explicit so that HireRight can be apprised of what it must defend against and so that this Court can be aware of what it must evaluate. It is worth noting that the Sixth Circuit has affirmed a district court's decision to deny a plaintiff an opportunity to amend a class action complaint when the proposed amendment would be "futile because it failed to specify a 23(b) category." *Wooden v. Alcoa*, 511 F. App'x 477, 481 (6th Cir. 2018). Inclusion of this information is especially important because class claims may indeed be stricken "at an early practicable time" if there is a "central defect" in the class claims, *Pilgrim*, 660 F.3d at 949, and which Rule 23(b) mechanism Hoffman intends to seek certification under is of central concern to the viability of her class claims. For example, if she wishes to certify a 23(b)(3)

---

unlawfully sent reports." Defining the contours of a class based on the elements of the alleged violation, however, is permissible.

class, she must be prepared to show that common issues "predominate" over individualized issues, which several courts have concluded is a fatal hurdle to certification of classes brought under § 1681k(a).[4] *See e.g., Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 699-700 (N.D. Ga. 2012) (holding that common issues did not predominate because "each consumer will need to prove that the adverse information in the report defendant furnished about that consumer was either incomplete or not up to date"); *see also Owner-Operator Indep. Drivers Ass'n, Inc. v. USIS Commercial Svcs., Inc.*, 537 F.3d 1184, 1194 (10th Cir. 2008) (explaining that "the accuracy of each individual's [report], an essential element of a § 1681e(b) claim, required a particularized inquiry"); *but see Shekar v. Accurate Background, Inc.*, 613 F. Supp. 3d 1116, 1124 (E.D. Wis. 2020) (approving a class, refined after discovery, that "contains only claimants whose reports contained the same or similar types of errors" because it "is unlikely to present substantial individualized issues").

### III.    CONCLUSION

For the reasons stated more fully above, HireRight's Motion is **GRANTED**, to the extent that it serves as a Motion to Dismiss, and Counts 3 and 4 are accordingly **DISMISSED**

---

[4] HireRight makes a similar argument under the umbrella of ascertainability. It argues that, in order to determine whether an individual should be included in the subclass, this Court will need to compare the allegedly inaccurate reports against the information that the relevant record contained at the time that the report was generated. This, it argues, will precipitate thousands of individualized inquiries that may be impossible adjudicate. This Court is persuaded, however, by Hoffman's reliance on *Young v. Nationwide Mut. Ins. Co.*, which explains that "the need to manually review files is not dispositive" because "[i]f it were, defendants against whom claims of wrongful conduct have been made could escape class-wide review due solely to the size of their business or the manner in which their business records were maintained." 693 F.3d 532, 537–40 (6th Cir. 2012).

**WITHOUT PREJUDICE**. Plaintiff Hoffman is **GRANTED LEAVE TO AMEND** her Complaint within 14 days of this Order. Counts 3 and 4 are not stricken at this time.

    **IT IS SO ORDERED.**

                                             **ALGENON L. MARBLEY**
                                             **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: January 16, 2024**